**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JUAN MENDEZ IBARRA,
A# 023-624-641,**

    Petitioner,

vs.                                                                         Case No. 4:17cv539-MW/CAS

**JEFF B. SESSIONS, et al.,**

    Respondents.
_____/

## ORDER and REPORT AND RECOMMENDATION

The pro se Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, on November 30, 2017. Petitioner alleged he is a native and citizen of Cuba who was taken into ICE custody on August 30, 2017. ECF No. 1 at 3. He was previously ordered removed from the United States on October 9, 1987. *Id.* at 3, 4. Petitioner claimed that Cuba could "deny any and all requests for travel documents as there are currently no formal diplomatic relations between Cuba and the United States, nor is there any formal or informal agreement between the two countries regarding repatriation." ECF No. 1 at 5.

Petitioner sought release from a claimed period of "indefinite detention" pursuant to <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). *Id.* at 7.

Service of the petition was directed on December 5, 2017. ECF No. 4. Respondents filed a response to the petition claiming the petition was prematurely filed. ECF No. 10. Moreover, Respondents argued that because diplomatic relations have been re-established with the Government of Cuba, there is a significant likelihood that Petitioner can be removed to Cuba. ECF No. 10-1. An Order was entered on March 9, 2018, advising Petitioner of his opportunity to file a reply to the response. ECF No. 12. That Order has been returned to the Court as undeliverable. ECF No. 13.

More importantly, on the same day that Order was entered, Respondents filed a motion to dismiss the petition as moot. ECF No. 11. Respondents now assert that on March 5, 2018, Petitioner was released from his confinement at the Wakulla County Detention Facility under an order of supervision. *Id.* at 1-2. Accordingly, Respondents now request that the petition be dismissed as moot.

An attachment to the motion to dismiss advises of Petitioner's address upon release. ECF No. 11-1 at 4. The Clerk of Court shall forward this Report and Recommendation to Petitioner at that address: 314

Case No. 4:17cv539-MW/CAS

N. 4th Street, Redding, Pennsylvania 19601.  *Id.*  If Petitioner disputes that this case is moot, he must immediately file "objections" and a notice of change of address.

## ORDER

Accordingly, it is **ORDERED** that the Clerk of Court shall provide Petitioner with this Order and Report and Recommendation at his address of record, as well as his address upon release: 314 N. 4th Street, Redding, Pennsylvania 19601.  *See* ECF No. 11 at 4.

## RECOMMENDATION

In light of Respondents' showing that Petitioner was released from detention, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 11, be **GRANTED** and the § 2241 petition be **DISMISSED as moot** since Petitioner has been granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on March 21, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.